# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| Christopher J. DeHoll,<br><br>Plaintiff,<br><br>vs.<br><br>Eckerd Corporation d/b/a Rite Aid Pharmacy, Rite Aid of North Carolina, Inc. and Gregory Scott Norman,<br><br>Defendants. | Civil Action No. 1:18:cv-280<br><br>DEFENDANTS ECKERD CORPORATION D/B/A RITE AID'S AND GREGORY SCOTT NORMAN'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS |

Defendant Eckerd Corporation d/b/a Rite Aid ("Defendant Eckerd" or "Rite Aid")[1] and Defendant Gregory Scott Norman ("Defendant Norman")[2] (collectively, "Defendants") file this memorandum in support of their Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). The pleadings show that during Plaintiff's entire employment with Defendant Eckerd, he was an exempt employee under the Fair Labor Standards Act (FLSA), so his FLSA claims should be dismissed. Furthermore, because the FLSA applies to Plaintiff, he cannot bring minimum wage or overtime claims under the North Carolina Wage and Hour Act ("NCWHA"). Finally, Plaintiff's NCWHA "payday" claim should be dismissed because it is a minimum wage and overtime claim in disguise, and because Plaintiff has failed to plead facts showing

---

[1] Not to be confused with Rite Aid of North Carolina, Inc., a separate legal entity.
[2] Defendant Norman denies that he is an "employer" for purposes of the Fair Labor Standards Act or the North Carolina Wage Payment statute. The resolution of that issue is not needed for the Court to grant his Rule 12(c) motion on the pleadings.

that he was not paid all promised wages. Therefore, all of Plaintiff's claims should be dismissed.

I.  **FACTUAL BACKGROUND**

Defendant draws the facts from the pleadings for purposes of this Motion only, as Rule 12(c) requires.

Plaintiff is a former Rite Aid Licensed pharmacist. (ECF No. 13.) He began working for Rite Aid as a pharmacist in April 2016. (ECF No. 5 ¶ 6.) Plaintiff's employment ended on January 20, 2017. (*Id.* ¶ 12.)

Plaintiff's claims concern his pay while working at Rite Aid. Plaintiff received a bi-weekly salary of $4,851 (gross), which equates to an annualized salary of $126,126.00. (ECF No. 13 and ECF No. 11, Eighth Defense) Plaintiff's salary included his "compensation for both essential pharmacy and non-pharmacy work." (*Id.*) Although he was an exempt employee, Plaintiff was eligible for (but not guaranteed) additional compensation for performing "special duties or assignments," if his total hours in a bi-weekly period, when such special duties or assignments are included, exceeded 77 hours in that bi-weekly pay period. (*Id.*) This equated to an hourly rate of $63.00 per hour for those special duties and assignments. (*See id.; see also* ECF No. 5 ¶ 8 (alleging Plaintiff received "*approximately* $62.00 per hour" (emphasis added)).) Working pre-shift and post-shift duties as alleged by Plaintiff did not constitute a "special duty or assignment" warranting even the consideration for additional compensation. (ECF No. 13 and ECF No. 11, Eighth Defense.)

- 2 -
Case 1:18-cv-00280-NCT-JLW   Document 15   Filed 05/08/18   Page 2 of 9

Plaintiff now brings minimum wage and overtime claims, alleging (a) his twelve-hour shifts resulted in him working overtime hours for which Eckerd did not pay him; and (b) he worked off-the-clock "for an hour before and after his shift," resulting in additional alleged unpaid overtime hours and an alleged actual hourly rate that fell below the required minimum wage. He brings his claims under the NCWHA and the FLSA. (ECF No. 5 ¶¶ 13-44.)

## II. ANALYSIS

### A. Standard of Review Under Rule 12(c).

Courts analyze Rule 12(c) motions under the same standard used for Rule 12(b)(6) motions to dismiss. *Burbach Broadcasting Co. of Delaware v. Elkins Radio*, 278 F.3d 401, 405-06 (4th Cir. 2002). Therefore, upon review of the pleadings, the Court considers whether Plaintiff has stated a claim for relief. Here, Plaintiff has failed to state a claim against either Defendant Eckerd or Defendant Norman.

### B. Plaintiff's FLSA claims should be dismissed because he was an exempt employee.

Plaintiff was an exempted Licensed Pharmacist and, as such, he was exempt under the highly-compensated employee and learned professional exemptions. Therefore, his minimum wage and overtime claims under the FLSA should be dismissed.

Bona fide professional employees are exempt from both the minimum wage and overtime provisions of the FLSA. *See* 29 U.S.C. § 213(a). Such employees are those who are compensated on a salary basis above the required dollar threshold, and whose primary duty involves the performance of work requiring "knowledge of an advanced

- 3 -

Case 1:18-cv-00280-NCT-JLW   Document 15   Filed 05/08/18   Page 3 of 9

type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.300(a). Also pertinent here is the highly-compensated employee exemption, which requires a less searching review of an employee's job duties if he or she earns over $100,000 per year. *See* 29 C.F.R. § 541.601 (an employee need only perform one exempt duty "customarily and regularly" to be exempt if he or she earns over $100,000 per year).[3] Because Plaintiff's bi-weekly annualized salary equates to over $100,000 per year, the less stringent highly compensated employee test applies. *See* 29 C.F.R. § 541.601.

Plaintiff worked at Rite Aid as a Licensed Pharmacist. (ECF No. 1 ¶ 6; ECF No. 13 and ECF No. 11, Fourth Defense.) Plaintiff was licensed with the North Carolina Board of Pharmacy. (*Id*.) Pharmacy requires knowledge of an advanced type in a field of science, and customarily requires a prolonged course of specialized instruction. *See Anani v. CVS RX Services, Inc.*, 730 F.3d 146 (2d Cir. 2013) (concluding pharmacists were exempt); *Kulish v. Rite Aid Corp.*, 2012 WL 6532414 (D. Md. Dec. 13, 2012) (same). As a Licensed Pharmacist in North Carolina, Plaintiff was engaged in the "Practice of Pharmacy" within the meaning of N.C.Gen.Stat. § 90-85.3A and he met the requirements to obtain a license as set forth in N.C.Gen.Stat. § 90-85.15, including a degree from a school of pharmacy. (ECF No. 13 and ECF No. 11, Fourth Defense.) Additionally, one of Plaintiff's duties as a pharmacist for Rite Aid was to provide

---

[3] The pertinent salary threshold for learned professional employees is $455 per week, and the pertinent threshold for highly compensated employees is $100,000 per year, given that the Eastern District of Texas entered a nationwide injunction against the U.S. Department of Labor's revisions to 29 C.F.R. § 541, which raised both of these dollar thresholds. *See Nevada v. Dep't of Labor*, 275 F. Supp. 3d 795 (E.D. Tex. 2017). The District Court's decision is on appeal to the Fifth Circuit, and the Department of Labor is currently considering revisions to the regulations at issue.

immunization services to customers. (ECF No. 13). Any pharmacist giving immunizations in North Carolina by statute must be licensed with the North Carolina Board of Pharmacy and be engaged in the practice of pharmacy, N.C.Gen.Stat. §90-85.3A. Therefore, because Plaintiff customarily and regularly performed at least one exempt duty (the practice of pharmacy) and earned more than $100,000 per year, he is an exempt highly-compensated employee.

Even if the Court considered the learned professional exemption in 29 C.F.R. § 541.301, the answer would be the same. For the reasons explained above, Plaintiff had a primary duty of practicing pharmacy, which is an exempt duty. Additionally, Rite Aid paid Plaintiff on a salary basis and his guaranteed salary level exceeded $455 per week. (*See* ECF No. 13 (Plaintiff earned a guaranteed, bi-weekly salary of $4,851).) Although he may have been eligible to receive additional pay for special assignments on an hourly basis, payment of additional compensation upon the salary level of $455 per week, even if paid on an hourly basis, does not destroy the FLSA exemption. *See* 29 C.F.R. §541.604; *Anani*, 730 F.3d at 149-50; 29 C.F.R. § 541.601. Therefore, Plaintiff was an exempt learned professional employee, which requires his FLSA claims to be dismissed.

### C. Plaintiff's state law minimum wage and overtime claims should be dismissed because Defendants have admitted that the FLSA applies to Plaintiff.

Plaintiff may not pursue his NCWHA minimum wage and overtime claims because Defendants have admitted he is covered by the FLSA, and employees covered by the FLSA are exempted from the NCWHA's minimum wage and overtime provisions.

- 5 -

Case 1:18-cv-00280-NCT-JLW   Document 15   Filed 05/08/18   Page 5 of 9

The NCWHA's minimum wage and overtime provisions do not apply to employees covered by the FLSA. North Carolina General Statutes § 95-25.14(a)(1) specifically excludes such employees from minimum wage and overtime protections under state law. Because Plaintiff alleges and Defendant Eckerd admits that he is covered by the FLSA, his state law minimum wage and overtime claims must be dismissed. (*Id.*)

Furthermore, even if Plaintiff could bring minimum wage and overtime claims under the NCWHA, the result would be the same. The NCWHA incorporates the FLSA's definition of the professional exemption, *see* 13 N.C.ADMIN.CODE § 12.0103, and for the reasons described above, Plaintiff is an exempt learned professional under the FLSA. For this reason as well, the Court should dismiss his North Carolina minimum wage and overtime claims.

**D.     Plaintiff's North Carolina "payday" claim should be dismissed.**

The only remaining claim is Plaintiff's North Carolina "payday" claim, which should also be dismissed. This claim is a minimum wage and overtime claim in disguise. Furthermore, Plaintiff does not plead enough facts to show Defendant Eckerd failed to pay him all promised wages.

First, Plaintiff cannot use the North Carolina payday statute, N.C. Gen. Stat. § 95-25.6, to pursue minimum wage and overtime claims. As described above, North Carolina law leaves minimum wage and overtime regulation to the FLSA when the FLSA applies to a given employee. *See* N.C. Gen. Stat. § 95-25.14(a)(1). As a logical extension of this principle, courts have concluded that a plaintiff may not pursue minimum wage or

overtime claims under the guise of the payday statute. *See Queen v. RHA Health Servs., Inc.*, 2001 U.S. Dist. LEXIS 26118, at *8 (M.D.N.C. Jan. 22, 2001) (dismissing plaintiff's state wage/hour claims because N.C. Gen. Stat. § 95-25.14 clearly evinces an intention to leave overtime and minimum wage claims within the province of the FLSA when defendant is an interstate commercial enterprise). Here, Plaintiff alleges, "Defendants' failure to pay Plaintiff *minimum wage and/or overtime wages*, as described above, on Plaintiff's regular payday is a violation of N.C. Gen. Stat. § 95-25.6." (ECF No. 5 ¶ 21 (emphasis added).) Plaintiff reiterates that he is seeking only minimum wage and overtime-related damages elsewhere in the Complaint. (*See Id.* ¶¶ 23-27.) Because Plaintiff seeks minimum wage and overtime pay, his claims are subject to the exemption in N.C. Gen. Stat. 95-25.14, and in turn, his payday claim should be dismissed.

Next, even if the payday claim were considered on its merits, it would fail. Plaintiff's offer letter sets a bi-weekly salary plus the potential for additional hourly pay for "special duties or assignments" that cause him to work more than 77 hours in a bi-weekly period. (ECF No. 13 and ECF No. 11, Eighth Defense.) Plaintiff fails to allege that he worked any such "special duties or assignments," so he has failed to state a claim that he was not paid all wages due under the payday statute. (*Compare id. with* ECF No. 5.) Furthermore, Plaintiff does not provide any factual specificity as to what weeks he allegedly worked off-the-clock or what he was paid in those weeks. In cases analyzing the FLSA, courts have held that such bare-bones allegations of wage/hour violations do not contain enough factual matter to state a claim for relief. *See, e.g., DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88-90 (2d Cir. 2013); *Pruell v. Caritas Christi*, 678

F.3d 10, 12 (1st Cir. 2012); *See also, Howard v. Convatec, Inc.*, No. 1:14-CV-952, 2015 WL 867295, at *6 (M.D.N.C. Mar. 2, 2015) ("Simply put, given that Plaintiff has not alleged that she actually accrued over forty hours of working time in a given week, or provided a total estimate of the number of hours of overtime she worked without additional compensation, the Complaint does not contain sufficient factual information to state a claim for failure to pay overtime compensation.") For this reason as well, Plaintiff's "payday" claim should be dismissed.

### III. CONCLUSION

The pleadings show that Plaintiff was an exempt employee covered by the FLSA. Therefore, he cannot pursue minimum wage or overtime claims under either state or federal law, including under the guise of the state payday statute. Accordingly, all of his claims against Defendants should be dismissed.

| | |
|---|---|
| Dated: May 8, 2018 | */s/ Stephen D. Dellinger*<br>Stephen D. Dellinger, Bar No. 16609<br>sdellinger@littler.com<br>Bank of America Corporate Center<br>100 North Tryon Street, Suite 4150<br>Charlotte, NC  28202<br>Telephone:    704.972.7000<br>Facsimile:     704.333.4005<br><br>*Attorneys for Defendants*<br>*Eckerd Corporation and Gregory Scott Norman* |

# CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2018, I electronically filed the foregoing **DEFENDANTS ECKERD CORPORATION D/B/A RITE AID'S AND GREGORY SCOTT NORMAN'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Adam L. White, Esq.
> Pinto Coates Kyre & Bowers, PLLC
> 3203 Brassfield Road
> Greensboro, NC 27410
> Tel: (336) 282-8848
>
> *Attorney for Plaintiff*

*/s/ Stephen D. Dellinger*
Stephen D. Dellinger, Bar No. 16609
sdellinger@littler.com