# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHRISTOPHER DEHOLL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ECKERD CORPORATION d/b/a RITE AID PHARMACY, RITE AID OF NORTH CAROLINA, AND GREGORY SCOTT NORMAN, | ) 1:18CV280 |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher DeHoll ("DeHoll") filed this action against Eckerd Corporation d/b/a/ Rite Aid Pharmacy ("Eckerd"), Rite Aid of North Carolina ("Rite Aid of NC"), and Gregory Scott Norman ("Norman"), alleging violations of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"). (See Compl. [Doc. #5].) This matter is before the Court on Rite Aid of NC's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. #9] and Eckerd's and Norman's Joint Motion for Judgment on the Pleadings [Doc. #14]. For the reasons explained below, Rite Aid of NC's Motion to Dismiss is DENIED and Eckerd's and Norman's Joint Motion for Judgment on the Pleadings is DENIED IN PART, as to DeHoll's FLSA claims, and GRANTED IN PART, as to his NCWHA claims.

I.

From April 2016 to January 20, 2017, DeHoll worked as a pharmacist in a Rite Aid Pharmacy[1] in North Carolina for Eckerd, during which time Norman was his immediate supervisor and manager. (Compl. ¶¶ 6, 7, 12). DeHoll alleges that during his employment, he was frequently required to work in excess of forty hours a week, but was not paid for his excess hours. (Id. ¶¶ 18-19). DeHoll argues that Defendants'[2] failure to pay him at an overtime rate for those hours, or in the alternative, failure to pay him the minimum wage, violated the FLSA and the NCWHA (Id. ¶¶ 19-23).

Rite Aid of NC argues that it was not DeHoll's employer, while Eckerd and Norman argue that DeHoll is not entitled to any overtime compensation because he was an exempt employee under the FLSA. (Rite Aid of NC's Mot. to Dismiss; Eckerd's & Norman's Mot. for J. on the Pleadings). Further, Eckerd and Norman argue that as a covered employee under the FLSA, DeHoll cannot bring minimum wage and overtime claims under the NCWHA. (Eckerd's & Norman's Mot. for J. on the Pleadings). Finally, Eckerd and Norman argue that DeHoll's "payday" claim under the NCWHA should be dismissed because it is a minimum wage and/or

---

[1] DeHoll does not allege at which Rite Aid Pharmacy location he worked. However, the letter filed by Eckerd and Norman states that DeHoll would be assigned to work in Salisbury, North Carolina. (Letter to DeHoll (Apr. 20, 2016), Ex. 1 to Answer [Doc. #13].)
[2] DeHoll does not define the term "Defendants" in his Complaint, but presumably he means all three named defendants. (See Compl.)

overtime claim in disguise, and because he has failed to plead sufficient facts to support such a claim. (Id.)

II.

The first matter before the Court is Rite Aid of NC's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Rite Aid of NC alleges that it was never DeHoll's employer, and, therefore, this Court lacks subject matter jurisdiction. (See Rite Aid of NC's Mot. to Dismiss; see also Rite Aid of NC's Mem. in Supp. of its Mot. to Dismiss [Doc. #10]). DeHoll provided notice that he would not be filing a response to this motion. [Doc #19]. Pursuant to the Local Rules, ordinarily when a respondent fails to file a response, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." L. R. Civ. P. 7.3(k); see also id. ("A response unaccompanied by a required brief may, in the discretion of the Court, be disregarded and the pending motion may be considered and decided as an uncontested motion."). However, because this motion relies on an incorrect understanding of the law, it will not be granted.

District courts throughout this Circuit have consistently held that when an alleged employer contends that it is not the plaintiff's employer under the FLSA, it cannot remove itself from the case through a motion to dismiss for lack of subject matter jurisdiction. See, e.g., Acosta v. JM Osaka Inc., 270 F. Supp. 3d 907, 911 (E.D. Va. 2017) (". . . [I]t is clear that whether an individual is an 'employer' under the FLSA is a factual question, not jurisdictional one."); Luna-Reyes v. RFI Constr.,

3

LLC, 57 F. Supp. 3d 495, 501 (M.D.N.C. 2014) (". . . [W]hether RFI Defendants are 'employers' under the FLSA is not a matter affecting the court's subject matter jurisdiction. . . ."); Gilbert v. Freshbikes, LLC, 32 F. Supp. 3d 594, 601 (D. Md. 2014) ("The question of a defendant's status as 'employer' for purposes of FLSA liability . . . does not implicate subject matter jurisdiction.").

These courts have applied the bright line test created by the Supreme Court in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), that "unless the legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, that limitation is an element of the plaintiff's claim for relief, not a jurisdictional issue." Acosta, 270 F. Supp. 3d at 911 (internal quotations omitted); see also Gilbert, 32 F. Supp. 3d at 601. Following this test, courts have found that a defendant's status as an employer is not jurisdictional for two reasons. First, the definition of employer "is found in the definitions section of the Act[, which] suggests that the term is not jurisdictional." Luna-Reyes, 57 F. Supp. 3d at 501. And second, "[t]he FLSA also provides no indication that Congress intended the term to operate as a jurisdictional bar." Id. (citing Fernandez v. Centerplate/NBSE, 441 F.3d 1006, 1009 (D.C. Cir. 2006)).

Thus, the question of whether or not Defendant Rite Aid of NC is DeHoll's employer is not a jurisdictional one. Accordingly, it does not affect this Court's subject matter jurisdiction over the claims asserted against Right Aid of NC, and therefore the Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied.

4

III.

The second matter before the Court is the Joint Motion for Judgment on the Pleadings by Eckerd and Norman (hereafter collectively referred to as "Defendants"). Federal Rule of Civil Procedure 12(c) provides that parties may move for judgment on the pleadings after the pleadings close, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are analyzed under the same standard as motions to dismiss made under Federal Rule of Civil Procedure 12(b)(6). Mendenhall v. Hanesbrand, Inc., 856 F. Supp. 2d 717, 723 (M.D.N.C. 2012) (citing Burbach Broad Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2012) and Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, all facts alleged in the complaint are assumed to be true and all inferences are drawn in favor of the non-moving party. Id. Additionally, the factual allegations in the answer may be "taken as true to the extent they have not been denied or do not conflict with the complaint." Id. at 724 (quoting Farmer v. Wilson Hous. Auth., 393 F. Supp. 2d 384, 386 (E.D.N.C. 2004)).

Any documents attached to the answer[3] also constitute part of the pleadings, but these documents may be considered "only if the documents are central to the Plaintiff's claim and the authenticity is not challenged." Id. Judgment on the pleadings is only appropriate when "taking all of the non-moving party's

---

[3] The only documents attached to the Pleadings in this case were attached to the Answer.

5

factual allegations as true, no genuine issues of material fact remain and the case can be determined as a matter of law." Id.

In the present case, judgment on the pleadings is not appropriate because genuine issues of material fact remain, specifically what DeHoll's day-to-day duties as a pharmacist were. The FLSA is designed to protect covered workers from "substandard wages and oppressive working hours." Williams v. Genex Servs., LLC, 809 F.3d 103, 104 (4th Cir. 2015) (quoting Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981)). It does so by establishing a general rule that employers must pay their employees at least the minimum wage, and those employees who work more than forty hours a week during a seven-day work week must be paid overtime compensation. 29 U.S.C. §§ 206(1)(1), 207(a)(1). However, several exemptions from this general rule exist, two of which Defendants argue apply here. Defendants contend that DeHoll is a bona fide professional, or in the alternative, a highly compensated employee. (Eckerd's and Norman's Mem. in Supp. of Mot. for J. on the Pleadings at 3-5 [Doc. #15]). Furthermore, they argue that because DeHoll is a covered employee under the FLSA, he cannot bring his NCWHA claims. Id. at 5-6. Finally, Eckerd and Norman argue that DeHoll's "payday" claim under the NCWHA should be dismissed because it is a minimum wage and/or overtime claim in disguise, and because he has failed to plead facts sufficient to state such a claim. Id. at 6-8.

6

A.

First, Defendants argue that DeHoll is a bona fide professional exempt from FLSA overtime coverage. The FLSA establishes what is known as the "white collar exemption" that exempts those workers who work in a "bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). A bona fide professional is defined as an

> employee who is compensated on a salary or fee basis at a rate of not less than $455 per week and whose primary duty is the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

Williams, 809 F.3d at 105 (citing 29 C.F.R. §§ 541.300(a)(1)-(2)(ii)) (internal quotations and citations omitted). An employee's primary duty is defined as "the principal, main, major, or most important duty that the employee performs" and is determined by "the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). To analyze the character of the employee's job, the regulations consider

> the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

Id.

Determining if an employee is a bona fide professional is both a question of fact and a question of law. "The question of how the employees spent their

working time is a question of fact. The question [of] whether their particular activities excluded them from the overtime benefits of the FLSA is a question of law." Williams, 809 F.3d at 109 (quoting Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709 (1986)). The burden to show an employee is exempt rests on the employer, which must prove exempt status through clear and convincing evidence. Id. In order for evidence to be clear and convincing, it must "place in the ultimate factfinder an abiding conviction that the truth of the party's factual contentions are highly probable." United States v. Ali, 874 F.3d 825, 833 n.2 (4th Cir. 2017) (citing Colorado v. New Mexico, 467 U.S. 310, 316 (1984)).

Here, Defendants have not met their burden of proof. First, there are no factual allegations in the Complaint that DeHoll was exempt as a bona fide professional. (See Compl.). Next, the document attached to the Answer on which Defendants rely also falls short. Exhibit 1 to the Answer is a letter dated April 20, 2016, from an unidentified person, on Rite Aid letterhead, and signed by DeHoll which notes that DeHoll was accepting a Licensed Pharmacist position and describes the vacation policy, other benefits, and the terms and conditions of employment[4]. (Letter to DeHoll (Apr. 20, 2016), Ex.1 to Answer [Doc. #13]). It does not describe how DeHoll would be spending his working time. (Id.) It does, though, contain the following language, which Defendants contend is dispositive in

---

[4] It is appropriate to consider the letter in this case, because it is attached to the Answer, it concerns matters central to DeHoll's claim, and its authenticity is not contested. Mendenhall, 856 F. Supp. 2d at 724.

8

this case: "While as an exempt professional you are not eligible for overtime. . . ." (Id. (emphasis added)). However, under the law, this language is not dispositive. See Bertrand v. Children's Home, 489 F. Supp. 2d 516, 523 n.1 (D. Md. 2007).

In Bertrand, the court considered if an employee who had signed an employment agreement in which she had acknowledged her exempt status was truly exempt as a matter of law. Id. at 517. After analyzing Bertrand's work duties, the court concluded that she was not exempt as a matter of law and further opined that, "[w]hether an employee is exempt is determined by the employee's actual work activities, not by the employer's characterization of those activities through a job title or job description." Id. at 519-20, 523 n.1.

Like in Bertrand, DeHoll is described as an exempt professional in the letter he later signed, but this alone is not sufficient. Instead, only an analysis of his actual work activities, about which there is no information, can support a determination as to his exempt status. Neither the allegations in the Complaint nor the content of the letter describes his actual job responsibilities in his day-to-day work. Therefore, at this stage in the proceedings, Defendants have not shown by clear and convincing evidence that DeHoll is exempt based upon the bona fide professional exemption.

B.

Next, Defendants argue that DeHoll is a highly compensated employee. The highly compensated employee exemption provides that an employee is exempt from the FLSA if the he earns at least $100,000 annually and if the "employee

9

customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee . . . ." 29 C.F.R. § 541.601(a)—(b). Although Defendants point out that this exemption "requires a less searching review of an employee's job duties," (see Eckerd's & Norman's Mem. in Supp. of Mot. for J. on the Pleadings at 4), it does still require evidence of the employee's exempt job duties for the court to consider. See, e.g., Hardin v. Belmont Textile Machinery, Co., No. 3:05-CV-00492, 2008 WL 3925073, at *4 (W.D.N.C. Aug. 20, 2008), aff'd in part, rev'd in part on other grounds, 355 F. App'x 717 (4th Cir. 2009) (finding Hardin was a highly compensated employee after considering his job duties).

As noted above, there are insufficient factual allegations and evidence of DeHoll's job duties. As a result, at this stage, Defendants have failed to meet their burden of showing that DeHoll is a highly compensated exempt employee.

C.

Finally, Defendants make two arguments regarding DeHoll's NCWHA claims. First, they argue that because DeHoll is a covered employee under the FLSA, he cannot bring minimum wage or overtime claims under the NCWHA. Second, they argue that DeHoll's "payday" claim under the NCWHA should be dismissed because it is a minimum wage and/or overtime claim in disguise, and because he has failed to plead the necessary facts.

North Carolina General Statute § 95-25.14(a) provides that, as is relevant here, the NCWHA's minimum wage (N.C. Gen. Stat. § 95-25.3) and overtime

(N.C. Gen. Stat. § 95-25.4) provisions do not apply to "any person employed in an enterprise engaged in commerce . . . as defined in the Fair Labor Standards Act." See also Luna-Reyes v. RFI Constr. LLC, 109 F. Supp. 3d 744, 752 (M.D.N.C. 2015) (noting the FLSA preempts NCWHA claims of overtime and minimum wage). DeHoll alleges in his Complaint, and the Defendants admit, that he is a covered employee under the FLSA. (Compl. ¶ 33; Answer ¶ 33 [Doc. # 11]). Therefore, as a covered employee under the FLSA, DeHoll's claims made under the NCWHA's minimum wage and overtime provisions, (Compl. ¶¶ 19-20), are preempted by the FLSA and must be dismissed.

Lastly, Defendants argue that even though DeHoll's NCWHA "payday" claim is not statutorily preempted by the FLSA, it should still be dismissed. Defendants argue this claim is actually a wage and overtime claim in disguise, and even if it is not, that DeHoll has not alleged sufficient facts to support such a claim. It is not clear from the pleadings if DeHoll is trying to sneak in an otherwise prohibited wage and overtime claim in disguise because he has failed to allege sufficient facts to support a payday claim.

North Carolina General Statute § 95-25.6 provides, in part, that "[e]very employer shall pay every employee all wages and tips accruing to the employee on the regular payday." It is well established that claims arising under NCWHA's

payday[5] provision are not preempted by the FLSA. Luna-Reyes, 109 F. Supp. 3d at 752-53 ("[Plaintiff], though, brings his NCWHA claim under § 95-25.6 (a 'pay day' claim). The FLSA does not preempt such claims.") (citing Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 67 (E.D.N.Y. 2015), Hanson-Kelly v. Weight Watchers, Int'l, No. 1:10CV65, 2011 WL 2689352, at *4-*5 (M.D.N.C. July 11, 2011) (recommendation), and Martinez –Hernandez v. Butterball, LLC, 578 F. Supp. 2d 816, 820 (E.D.N.C. 2008)).

However, it is also well established that in order to bring a claim under the NCWHA payday provision, the claim must be separate and distinct from the plaintiff's FLSA minimum wage and overtime claims. See Hanson-Kelly, 2011 WL 2689352, at *2 (finding the plaintiffs' NCWHA unpaid wage claim was distinct from their FLSA minimum wage claim, and therefore both claims could proceed); Dillworth v. Case Farms Processing, Inc., No. 5:08CV1694, 2009 WL 2766991, at *3 (N.D. Ohio Aug. 27, 2009) (". . . [E]nterprises falling under the FLSA are explicitly exempted from North Carolina's overtime statute . . . and thus allowing Plaintiffs to recover unpaid overtime under the payday statute would be wholly incompatible with the exemption provision."); Martinez-Hernandez, 578 F. Supp. 2d at 820 (holding that the plaintiff could bring claims under the NCWHA payday

---

[5] District Courts variously refer to this claim as a "payday" claim versus "pay day" claim. Given that both the DeHoll and Defendants refer to the claim as "payday" in their pleadings and filings, and the statute uses "payday", so too does the Court.

12

provision because they did not invoke the minimum wage or overtime provisions of FLSA).

A separate and distinct payday claim is one that seeks payment of accrued wages that should have been paid to the plaintiff on his payday. Laurence v. Harris Teeter, LLC, No. 3:17-CV-00602-RJC-DSC, 2018 U.S. Dist. LEXIS 69323, at *8-*9 (W.D.N.C. Feb. 20, 2018) (recommendation) (holding that the basis for the plaintiffs' NCWHA payday claim was the accrued wages owed to plaintiffs "by virtue of Defendant's agreement to pay for all hours worked, regardless of whether these employees were also owed overtime pay under the FLSA.").

Here, DeHoll's complaint does not contain the factual specificity needed to show that his payday claim is separate from his wage and overtime claims under the FLSA. DeHoll alleges that he frequently worked in excess of forty hours per week, and that during his employment, he was required and/or expected to work "off-the-clock" for an hour before and after his shifts without being paid. (Compl. ¶¶ 10-11). These allegations are the only facts in support of his payday claim. He does not allege that those unpaid "off-the-clock" hours are separate and distinct from his other unpaid overtime hours. Instead, these allegations are the very same ones upon which DeHoll relies to support his minimum wage and overtime claims. Therefore, since DeHoll's payday claim is not sufficiently alleged to be separate and distinct from his FLSA claims, it is dismissed.

IV.

For the reasons stated above, IT IS HEREBY ORDERED that Defendant Rite Aid of North Carolina's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. #9] is DENIED. IT IS FURTHER ORDERED that Defendants Eckerd Corporation d/b/a Rite Aid Pharmacy's and Gregory Scott Norman's Joint Motion for Judgment on the Pleadings [Doc. #14] is DENIED IN PART, as to Plaintiff's Fair Labor Standard Act claims, and GRANTED IN PART, as to Plaintiff's North Carolina Wage and Hour Act claims.

This the 30th day of October, 2018.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge