# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER J. DEHOLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:18CV280 |
| | ) | |
| ECKERD CORPORATION d/b/a RITE | ) | |
| AID PHARMACY, RITE AID OF | ) | |
| NORTH CAROLINA, AND GREGORY | ) | |
| SCOTT NORMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Christopher J. DeHoll's ("DeHoll") and Defendants Eckerd Corporation and Gregory Scott Norman's[1] (collectively "Defendants") Joint Motion for Approval of FLSA Settlement and Motion to Dismiss with Prejudice ("Joint Motion") [Doc. #30]. This Court requested further information from the parties in two orders, the first of which was issued on April 18, 2019 ("First Order") [Doc. #32] and the second on May 2, 2019 ("Second Order") [Doc. #34]. The parties responded to the First Order in a Joint Supplemental Memorandum ("First Supplemental Memorandum ") [Doc. #33], and to the Second Order in a Joint Supplemental Memorandum ("Second Supplemental Memorandum") [Doc. #35]. For the reasons explained below, the Joint Motion is GRANTED, and this action is DISMISSED WITH PREJUDICE.

---

[1] Rite Aid of North Carolina was dismissed as a defendant on December 19, 2018. (See Joint Stipulation of Dismissal with Prejudice [Doc. # 26].)

I.

Before approving an FLSA settlement, the court must determine if the settlement is a "fair and reasonable compromise of disputed claims and issues arising from a bona fide dispute raised pursuant to the FLSA." Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 502 (M.D.N.C. 2018) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982)).  Thus, to approve a FLSA settlement, the court must make "finding[s] with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." Duprey v. Scotts Co., LLC, 30 F. Supp. 3d 404, 408 (D. Md. 2014); see also Hood v. Uber Techns., Inc., No. 1:16-CV-998, 2019 WL 93546, at *4 (M.D.N.C. Jan. 3, 2019).

A.

The Court must first determine whether a bona fide dispute exists.  "A bona fide dispute is one in which there is some doubt whether the plaintiff would succeed on the merits at trial." Kirkpatrick, 352 F. Supp. 3d at 502 (quoting Hall v. Higher One Machs., Inc., No. 5-15-CV-670-F, 2016 WL 5416582, at *6 (E.D.N.C. Sept. 26, 2016)).  To determine this, the court looks to the pleadings and proposed settlement agreement. Id. (citing Duprey, 30 F. Supp. 3d at 404.)

In this case, there is a bona fide dispute. DeHoll contends he is owed overtime under the FLSA, while the Defendants argue DeHoll is exempted from the

2

FLSA as a highly-compensated employee and/or learned professional, and therefore, he is owed no overtime. (Mem. in Supp. of Joint Mot. for Approval of FLSA Settlement & Mot. to Dismiss with Prejudice ("Mem. in Supp. of Joint Mot.") [Doc. #31] at 3; see also Compl. [Doc. #5] at 4-7; Defendant Eckerd Corp.'s Answer [Doc. #11] at 6-7; & Defendant Gregory Scott Norman's Answer [Doc. #12] at 7-8.) "This disagreement is a genuine dispute that supports the concept of a negotiated settlement of this FLSA claim." Hood, 2019 WL 93546 at *4 (internal quotations and brackets omitted) (quoting Rivera v. Dixson, No. TDC-14-cv-2901, 2015 WL 427031, at *3 (D. Md. Jan. 30, 2015)).

B.

The Court must next determine whether the settlement is fair and reasonable. "Although the Fourth Circuit has not addressed directly the relevant factors the court should consider when determining whether a FLSA settlement is fair and reasonable, district courts within the circuit have generally considered the fairness factors a court would consider under Federal Rule of Civil Procedure 23(e)." Kirkpatrick, 352 F. Supp. 3d at 502 (citing Hoffman v. First Student, Inc., No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010)). These factors include "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits and (6) the amount of the settlement in relation to the

3

potential recovery." Id. at 502-03 (quoting Hargrove v. Ryla Teleservices, Inc., No. 2:11CV344, 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013); see also Hood, 2019 WL 93546, at * 4 & Duprey, 30 F. Supp. 3d at 409. In considering these factors, "there is a strong presumption in favor of finding a settlement fair . . . ." Id. (internal quotation marks omitted) (quoting Lomascolo v. Parsons Brinckerhoff, Inc., No. 18CV1310, 2009 WL 3094955, at *16-*17 (E.D. Va. Sept. 28, 2009)).

In the present case, all six factors support a finding that the settlement is fair and reasonable. First, while the parties have not engaged in extensive discovery, they agree they have exchanged sufficient information to determine that settlement is in the best interest of all parties. (First Supp. Mem. at 3-4.) At this stage, the parties do not dispute how often DeHoll was paid, nor how much he was paid, but instead only disagree on "the narrow issue of whether Plaintiff was exempt under the FLSA . . . ." (Id. at 3.) Therefore, the parties agree that further discovery will add little additional information that could influence their decision to settle. (Id. at 4.).

Similarly, as to the second factor, the parties recognize that in ruling on Defendants' previous motion to dismiss, the Court has narrowed the issues in the case to one issue and, because both parties already have the information necessary to develop legal arguments related to this issue, "the parties would incur substantial costs by engaging in discovery on information they both possess." (Id. at 3-4.)

As to the third factor, both the parties and the Court recognize that there is a presumption that "no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary," Lomascolo, 2009 WL 3094955, at *12. (See First. Supp. Mem. at 5.)  Here, there is no evidence of fraud or collusion, and the parties represent that "[c]ounsel for Plaintiff aggressively pursued Plaintiff's claims and the matter was vigorously contested by Defendants." (First Supp. Mem. at 5.)

As to the fourth factor, counsel for both parties are experienced in FLSA litigation.  "Defendants' counsel specialize[s] in employment law matters and has handled or assisted in the defense of over twenty FLSA misclassification cases the past ten years alone, is a member of his firm's wage and hour practice group and routinely advises clients on FLSA and wage and hour matters." (Id. at 5-6.)  DeHoll's counsel is also experienced, having handled "approximately ten FLSA cases, some of which were resolved through pre-suit negotiation . . ." and "recently pursued a complex claim with FLSA causes of action in 2017 through 2019 . . . [which] likewise involved allegations of uncontested work and a failure to pay at least minimum wage for qualifying work." (Second Supp. Mem. at 1.)

As to the fifth factor, the parties agree that the "Defendants have a significant chance of prevailing on the merits of their learned professional exemption defense." (First Supp. Mem. at 6.)  Therefore by settling DeHoll avoids the risk of an unfavorable verdict or summary judgment decision.

As to the final factor, DeHoll's counsel calculated a "best-case scenario" amount of back wages by "multiplying the alleged additional weekly unpaid hours Plaintiff worked . . . by Plaintiff's overtime hourly rate . . . and multiplying by the number of weeks Plaintiff worked for Defendants." The parties then negotiated over four weeks to arrive at the settlement amount, which represents approximately thirty-eight percent of DeHoll's "best-case scenario" amount, and which the parties "both believe[] to be a fair settlement given the facts and law of the case." (Second Supp. Mem. at 2.) Thus, the sixth factor, and all preceding factors, support a finding that the settlement is fair and reasonable.

C.

Finally, this Court must determine if the attorney's fees in this case are reasonable. "Under the FLSA, the court is authorized to award a reasonable attorney's fee to be paid by the defendant, and costs of the action, in addition to any judgment awarded to the Plaintiff." Kirkpatrick, 352 F. Supp. 3d at 503 (internal quotations omitted) (quoting 29 U.S.C. § 216(b)). There are two approaches used for calculating attorney's fees within the Fourth Circuit: the percentage of the fund method and the lodestar method. Id. at 504.

> The percentage of the fund method provides that the court award attorneys' fees as a percentage of the common fund, while the lodestar method requires the court to determine the hours reasonably expended by counsel that created, protected, or preserved the fund, then to multiply that figure by a reasonable hourly rate.

Id. (internal quotations and brackets omitted) (quoting Phillips v. Triad Guar., Inc., No. 1:09CV71, 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016)). Regardless

6

of the method used to calculate fees, the Fourth Circuit typically considers twelve factors to evaluate the reasonableness of the requested attorney's fees in FLSA cases:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978); see Kirkpatrick, 352 F. Supp. 3d at 504-06 (applying the Barber factors to attorney's fees calculated by the percentage of the fund method) & Hood, 2019 WL 93546, at *7 (applying the Barber factors to attorney's fees calculated using the lodestar method).

In this case, the attorney's fees have been calculated as a percentage of the fund. To determine if the fees requested are reasonable, the Court will evaluate the Barber factors, and can use the lodestar method as a cross-check. See Kirkpatrick, 352 F. Supp. at 504. In this case, DeHoll's counsel have requested approximately 33.33 percent of the gross settlement, plus reimbursement for their expenses of $243.96, which totals $3,243.96. (Second Supp. Mem. at 3.)

7

Using both the Barber factors and the lodestar method, this fee is reasonable. While not all the Barber factors are present in this case[2], those that are support a finding that the attorney's fees are reasonable. DeHoll's legal team spent 41.20 hours on this case. They contend that during that time they zealously litigated the case, by preparing the complaint, conferencing with DeHoll, conducting legal research, communicating with Defendants' counsel, responding to Defendants' motions, preparing a joint 26(f) report, and preparing a joint settlement agreement. (Second Supp. Mem. at 3-4.)

While the issues in this case are neither novel nor complex, this is reflected in the relatively low award of attorney's fees. Nevertheless, pursuing a FLSA case still requires skill and competency on the part of the litigating attorneys as they cases are usually tried in federal court and involve the interpretation and application of a federal statute that governs fair pay and workers in a broad spectrum of fields. Given the experience of DeHoll's counsel in litigating FLSA cases, they likely possess both the skill and competency required in a FLSA case. (See supra at 5.)

---

[2] The parties have not argued the effect, if any, of Barber factors 4, 7, 10 or 11 on this analysis, and the Court cannot discern any effect under these facts. While factor 9 surely could affect the analysis, DeHoll's counsel has provided no evidence of its experience or reputation in the legal community, except to say the numbers of FLSA cases they've pursued. (See generally Mem. in Supp. of Joint Mot., First Supp. Mem, & Second Supp. Mem.) Nevertheless, there is certainly nothing before the Court to suggest that they do not enjoy a favorable reputation in the legal community.

While DeHoll's legal team does not have a customary fee for FLSA cases, had this case been billed on an hourly rate, the attorney's fees requested would have vastly exceeded the requested award. Attorney Adam L. White spent 33.9 hours on this case and would have billed at least $200 an hour. (Id. at 3.) Attorney Jon Ward spent 3.6 hours on this case and would have billed at least $250 an hour, and a paralegal spent 3.7 hours on this case and would have billed at least $75 an hour. (Id.) Therefore, had this case been billed on an hourly rate, the attorney's fees would have totaled at least $7,957.50. Thus, the attorneys' fees of $3,000 sought here are less than half of what could have been sought had the case been billed on an hourly basis.

This award of attorney's fees is further justified by the results obtained for DeHoll by his legal team. As noted previously, the parties agree that "Defendants have a significant chance of prevailing on the merits of their learned professional exemption defense." (See supra at 5 (citing First Supp. Mem. at 6.).) Under the settlement agreement, DeHoll will receive 38 percent of the "best-case" amount he and his attorney's calculated, (Second Supp. Mem. at 2), and will do so without having to risk unfavorable summary judgment decisions or trial.

Finally, the percentage of the gross settlement is reasonable when compared to other awards that have been approved in other cases within this circuit. Kirkpatrick, 352 F. Supp. at 505 (approving an award of 33.9 percent award and citing other district court cases within the circuit approving awards between 25

9

and 30 percent).  Therefore, under the Barber factors, the requested attorney's fees are reasonable.

Using the lodestar method as a cross-check, this attorney's fee award is still reasonable.  The hourly fees charged by DeHoll's counsel fall below many of the hourly rates that courts within this District have held to be reasonable. See id. (approving fees of $125 an hour for a paralegal, and fees of $400 and $575 an hour for attorneys).  Therefore, the requested attorney's fees are reasonable.

II.

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiff Christopher J. DeHoll's and Defendants Eckerd Corporation and Gregory Scott Norman's Joint Motion for Approval of FLSA Settlement and Motion to Dismiss with Prejudice [Doc. #30] is GRANTED and this action is DISMISSED WITH PREJUDICE.

This the 25th day of July, 2019.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge